**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Patrick Peltier,

Plaintiffs,

-vs-

Commercial Service Co., Inc.;
Thomas Murphy, individually;
Steven T. Rosso, P.A., Law Firm,
and Steven T. Rosso, Esq., individually,

Defendants.

Court File No.: CV 00-13 DWF/AJB

**STIPULATION TO AMEND PLAINTIFF'S COMPLAINT**

---

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by their respective undersigned attorneys, that:

1. Plaintiff will file the attached Amended Complaint adding additional claims and parties, ten (10) days from the date of this Order.

2. Defendants will have twenty (20) days after service of Plaintiff's Amended Complaint to interpose an Answer or otherwise plead and is in no way an admission to the allegations in Plaintiff's Amended Complaint; and

3. That this Stipulation is in accordance with Fed.R.Civ.P. 15.

**ATTORNEY FOR PLAINTIFF**

By: [signature]
Thomas J. Lyons, Jr.
Attorney I.D. #249646
1560 Beam Avenue
Suite A
Maplewood, Minnesota 55109
Telephone: (651) 770-9707

Dated: 4/10/00

**ATTORNEY FOR DEFENDANTS**

By: [signature]
Michael L. Brutlag
Attorney I.D. #: 123225
1100 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 630-3200

Dated: 3-30-00

FILED APR 13 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

**ORDER**

Pursuant to the foregoing Stipulation, Plaintiff may serve upon the Defendants the Amended Complaint, which is attached hereto.

LET THE STIPULATION BE ENTERED ACCORDINGLY.

BY THE COURT:

Dated: 4/13/00

Arthur J. Boylan, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Patrick Peltier,

Plaintiff,

-vs-

Commercial Service Co., Inc.;
Thomas Murphy, individually;
Security State Bank;
Steven T. Rosso, P.A., Law Firm;
and Steven T. Rosso, Esq.,
individually,

Defendants.

Court File No.: CV 00-13 DWF/AJB

**AMENDED COMPLAINT**

---

**I.**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1337, 15 U.S.C. § 1692k(d) and pendent state law claims pursuant to 28 U.S.C. § 1367.

**II.**

**PARTIES**

2. Plaintiff Patrick Peltier, is a natural person who resides in the City of Shakopee, County of Scott, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant Steven T. Rosso, P.A., (hereinafter "law firm"), is a law firm, operating from an address of 1600 Wynne Avenue, St. Paul, Minnesota 55108. Upon information and belief, Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4. Defendant Steven T. Rosso, Esq., (hereinafter "Rosso"), is an attorney, operating his law practice from an address of 1600 Wynne Avenue, St. Paul, Minnesota 55108. Upon information and belief, Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant Commercial Service Co., Inc. (hereinafter "Commercial Service") is a collection agency doing business from the address of 500 Minnesota Building, St. Paul, Minnesota 55101. Upon information and belief, Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Tom Murphy (hereinafter "Murphy") is a collection agent employed by Defendant Commercial Service. Upon information and belief, Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, its principal purpose is the collection of debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Security State Bank (hereinafter "Security") is a state bank with an address in Dunseith, North Dakota and is a "creditor" as defined by 15 U.S.C. § 1692a(4).

## III.

## FACTUAL ALLEGATIONS

8. Sometime prior to July 1989 Plaintiff received a loan from Defendant Security State Bank for $1,000.00.

9. Plaintiff defaulted on the loan.

10. Security State Bank then charged off the defaulted loan and forwarded the debt to Pro Collect of Minot North Dakota who in turn forwarded it to Defendants Commercial Service and Murphy for collection at a subsequent date.

11. Several years later Defendants Commercial Service and Murphy began attempting to collect the stale debt. (See attached Exhibit 1).

12. Exhibit 1 violates the Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692e(11) and § 1692g(a).

13. Defendants Commercial Service and Murphy then forwarded the account to Defendants Law Firm and Rosso for further collection efforts.

14. Defendants Law Firm and Rosso then sent to Plaintiff a dunning collection letter dated November 3, 1999 requesting payment and threatening legal action on the stale loan owed debt owed to Security State Bank despite the fact that the debt was not collectable based on the applicable statute of limitations. (See attached Exhibit 2).

15. Exhibit 2 violates the FDCPA, specifically 15 U.S.C. §§ 1692d, 1692e(2)(a), 1692e(5), 1692e(10), 1692f and 1692f(1).

16. Defendant Security and Rosso then caused Plaintiff to be sued in Dakota County over the debt, which was barred by the Minnesota and North Dakota Statute of Limitations. (See a true and correct copy of the Summons and Complaint dated November 19, 1999, attached hereto as Exhibit 3).

17. Defendant Rosso at all times hereto was acting within the course and scope of his employment created by and authorized by Security Bank.

18. Upon information and belief, the foregoing acts and omissions of the Defendants were undertaken by them indiscriminately and persistently, as part of their regular and routine debt collection efforts and without regard to, or consideration for, the rights of the Plaintiff or other persons who were subjects of their collection practices.

19. As a direct and proximate result of the foregoing acts and omissions of the Defendants, Plaintiff has suffered actual statutory damages and injuries, including, but not limited to, attorney fees and costs for which he should be compensated in an amount to be proven at trial.

**IV.**

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully stated herein.

21. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e(2)(a), 1692e(5), 1692e(10), 1692f and 1692f(1).

22. In violating the aforementioned provisions of the FDCPA, Plaintiff has suffered out of pocket expenses as a result and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

23. As a result of Defendants' conduct, Plaintiff is entitled to recover damages for his anguish in an amount to be determined at trial.

**COUNT II.**

**INVASION OF PRIVACY**

24. Plaintiff incorporates by reference paragraphs 1 through 23 as though fully stated herein.

25. Defendants' reckless conduct resulted in an unreasonable intrusion upon Plaintiff's privacy.

26. Defendants' conduct caused Plaintiff's damages manifested through emotional distress, humiliation and out of pocket loss.

**COUNT III.**

**MINN. STAT. § 325D.44**

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as though fully stated herein.

28. Defendants' misrepresentations in attempting to collect stale debts barred by the statute of limitations, were intentional misrepresentations in violation of Minn. Stat. § 325D.44.

29. Plaintiff seeks injunctive relief in the form of prohibiting Defendants from continuing the collection of state debts, in addition to attorneys' fees and costs.

**COUNT IV.**

**NEGLIGENT HIRING RETENTION AND SUPERVISION**

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully stated herein.

31. Upon information and belief, Defendant Security caused to forwarded to Pro-Collection for collection Plaintiff's defaulted loan without proper instructions on how to collect, when to return the account, what not to do with the account and/or when to cease collection on the account.

32. As a result of Defendant Security's negligence Plaintiff's account eventually was sued out in violation of the Minnesota and North Dakota statute of limitations.

33. As a result of Security Bank suing Plaintiff, he has suffered out of pocket damages, emotional distress and mental anguish to be proven at trial.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants for:

a. Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. §1692k;

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

c. Actual damages in an amount to be proven at trial;

d. An order enjoining Defendants from continued collection of the stale debts; and

e. For such other and further relief as may be just and proper.

Dated this __ day of March, 2000.

Respectfully submitted,

**CONSUMER JUSTICE CENTER, P.A.**

By:______________________________
Thomas J. Lyons Jr.
Attorney for Plaintiff
Attorney I.D. No.: 249646
1560 Beam Avenue, Suite A
Maplewood, Minnesota 55109-1171
Telephone: (651) 770-9707

COMMERCIAL SERVICE CO., INC.
500 MINNESOTA BLDG.
ST. PAUL, MN 55101

BILLING DATE 10/7/99

BALANCE

| PAYMENT DUE | ACCOUNT NO. |
| --- | --- |
| $1140.42 | |

REP. CODE ______

CLIENT CODE ______

# STATEMENT

SEND INQUIRIES TO:
MAKE CHECKS PAYABLE TO:

SECURITY STATE BANK

*PLEASE DETACH AND RETURN THIS PORTION WITH YOUR REMITTANCE TO INSURE PROPER CREDIT.*

PATRICK PELTIER
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

OVER

AMOUNT PAID $

CAN YOU PAY $50.00 A MONTH STARTING OCTOBER 15th? PLEASE CALL OR WRITE OUR OFFICE BY THAT DATE. IF YOU FAIL TO DO THIS, YOUR ACCOUNT WILL GO TO OUR ATTORNEY STEVE ROSSO. INTEREST WOULD BE CHARGED UNTIL PAID.

TOM MURPHY
651-2245831

EXHIBIT 1

STEVEN T. ROSSO, P .

Attorney at Law

1600 WYNNE AVENUE
ST. PAUL, MINNESOTA 55108
TELEPHONE (651) 641-0443
FAX (651) 641-0408

NOV 03, 1999

PATRICK PELTIER
332 1/2 5TH AVE E

SHAKOPEE MN 55379

DEAR PATRICK PELTIER:

Your account with my client listed below has been given to me for possible legal action. This account balance, if undisputed, is due in full. Please send your payment to my office.

Your payment, or any questions you may have, should be directed to this office to ensure proper credit to your account.

If we need to judicially enforce payment of your account, the law may allow us to add additional charges for interest, court costs, costs of service and other items permitted by statute to increase the total amount you could be responsible to pay.

If you do not send payment, call my office and ask for Legal Desk Number 43.

RESPECTFULLY YOURS,

STEVEN T. ROSSO, P.A.

OUR CLIENT:COMMERCIAL SERVICE CO.
CLIENT FILE:

BY: Legal Desk #43
Our File #228559

BALANCE LISTED: $1345.92

ORIGINAL CREDITOR (IF DIFFERENT FROM OUR CLIENT):
SECURITY STATE BANK

Notice of Validation of Debt

This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment, if available and mail a copy of such judgment or verification. If you notify this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Attention: A charge of $20.00 will be added on all returned checks.

EXHIBIT
2

STATE OF MINNESOTA

COUNTY OF SCOTT

DISTRICT COURT
FIRST JUDICIAL DISTRICT

OPEN ACCOUNT/CONTRACT

SECURITY STATE BANK,
Plaintiff,

vs.

PATRICK PELTIER
PO BOX 387

SHAKOPEE MN 55379-0387
Defendant(s).

SUMMONS

THE STATE OF MINNESOTA TO THE ABOVE DEFENDANT(S).

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney(s) an ANSWER to the Complaint which is herewith served upon you, within 20 days after service of this Summons, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you.

COMPLAINT

Defendant(s) owe(s) Plaintiff, or its successors or assignors, the sum of $1345.62 as follows:

( X ) On an open account for goods and/or services delivered to Defendant(s) by Plaintiff(s), or its successors or assignors, through 11/02/99, and
(   ) Other: ______________________________, and
(   ) Plus interest on said amount at the rate of _____% per year from the date of last payment.

WHEREFORE, Plaintiff(s) demands judgment against Defendant(s) in the amount of $ $1345.62 plus interest thereon referred to above and for its costs, disbursements, and collection costs claimed herein.

ACKNOWLEDGEMENT

Plaintiff(s), by the undersigned attorney(s), acknowledge that costs, disbursements and reasonable attorney fees and witness fees may be awarded to the opposing party(ies) under MSA 549.21, sub 2.

Dated: NOV 19, 1999

STEVEN T. ROSSO, P.A.

BY:* ______________________
Steven T. Rosso, #93713
1600 Wynne Avenue
St. Paul, MN 55108
651-641-0443

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

EXHIBIT 3

TO: DEFENDANT(s) ABOVE-NAMED

The enclosed Summons and Complaint is served pursuant to Rule 4.05 of the Minnesota Rules of Civil procedure.

You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within twenty (20) days.

SIGNING THIS ACKNOWLEDGEMENT OF RECEIPT IS ONLY AN ADMISSION THAT YOU HAVE RECEIVED THE SUMMONS AND COMPLAINT AND DOES NOT WAIVE ANY OTHER DEFENSES.

You must sign and date the acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

IF YOU DO NOT COMPLETE AND RETURN THIS FORM, YOU (OR THE PARTY ON WHOSE BEHALF YOU ARE BEING SERVED) MAY BE REQUIRED TO PAY ANY EXPENSES INCURRED IN SERVING A SUMMONS AND COMPLAINT IN ANY OTHER MANNER PERMITTED BY LAW.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within twenty (20) days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty or perjury, that this Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on the date following my signature.

____________________ Signature

11/22/99 Date

ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT:

I declare, under penalty of perjury, that I received a copy of the Summons and Complaint in the above-captioned matter.

____________________ Signature

____________________ Relationship to Entity/Authority to Receive Service of Process

____________________ Date of Signature